WRENSHALL STATE BANK, Appellant, vs. SHUTT and another, Respondents.

*September 17—October 14, 1930.*

282

*Horatio V. Gard* of Superior, for the appellant.

For the respondents there was a brief by *Hanitch, Hartley, Johnson & Fritschler* of Superior, and oral argument by *Oscar S. Johnson.*

FAIRCHILD, J.   The plaintiff claims that an action can be maintained against a remote assignor on implied warranty of genuineness although there is no privity of contract between plaintiff and defendants or either of them.

The rule that one cannot maintain an action against a remote assignor of a chose in action is in force in this state.   The reasons for this rule may have been more cogent, apparent, and appealing when transfers of accounts and nonnegotiable contracts first occurred and were less frequent than now, but they exist, and neither custom nor legislation has in this state required or effected a change.   The development of the law of negotiable instruments has not included nor affected the law governing implied warranties arising on assignments of choses in action.

The implied warranty which plaintiff seeks to avail itself of is limited to the parties to the assignment. It belongs to him for whose benefit it was created. Shutt's liability on his warranty ran to the Burnett County State Bank. A lack of assignment of this warranty leaves all rights arising under it in the Burnett County State Bank. A similar statement is true, also, as to the liability on the implied warranty of the Burnett County State Bank to the Danbury State Bank. By reason of this failure of privity of contract no right of action against either defendant has ever reached the plaintiff.

The term "privity," used with respect to contract, implies a connection, mutuality of will, and interaction of parties. It is the relation that exists between two or more contracting parties, and its existence is essential to the maintenance of an action. 1 Williston, Contracts, § 445.

In some states statutes have been enacted granting the right to sue a remote assignor. *Trustees of Broadus Institute v. Siers,* 68 W. Va. 125, 69 S. E. 468; *Younge v. Garred,* 90 W. Va. 767, 112 S. E. 181. In Wisconsin no such change has occurred. Our legislature has modified the common law so that an assignee of a chose in action may maintain suit against the original obligor in his own name rather than in the name of his assignor. Sec. 260.13, Stats. 1929. This statute, however, does not "bridge the chasm" between the final owner of a chose in action and a remote assignor with whom he has had no dealing and against whom the intermediate assignee or assignees may have no claim, or, if one exists, may not care to have it enforced.

Appellant urges the case of *Giffert v. West,* 33 Wis. 617, as authority for his position; but, as respondents point out in their brief, there was in that case an assignment to Giffert by the intermediate assignee of his claim against the remote assignor. The circumstances under consideration in that case are not similar to those here, at least in so far

as they relate to the right to sue on the implied warranty. That case rather emphasizes the lack in this case of the essential element of privity.

The appellant freely concedes that there is no privity of contract between plaintiff and defendants. This element being lacking, the complaint fails to state a cause of action and the demurrer was rightly sustained.

*By the Court.*—The order of the circuit court is affirmed, and the cause remanded for further proceedings.